UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:
    LEVELBEST, LLC,

                                      Case No. 19-11673
                                      Chapter 11

                    Debtor.
_____

APPEARANCES:

Matthew J. Mann, Esq.
Mann Law Firm PC
Attorney for Debtor
426 Troy Schenectady Road
Latham, NY 12110

Kevin R. Toole, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorney for Secured Creditor
900 Merchants Concourse, Suite 310
Westbury, NY 11590

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Currently before the Court is a motion ("Motion to Reconsider"), filed by U.S. Bank N.A. ("US Bank" or "Secured Creditor"),[1] requesting reconsideration of the confirmation of Levelbest, LLC's ("Levelbest" or "Debtor") chapter 11 small business plan. (ECF No. 125). The Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[2]

---

[1] Secured Creditor represents the claim is owed to "U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3" and that "[o]ther names the creditor used with the debtor [is] PHH Mortgage Corporation." (Claims Register 1-1).

[2] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (2022) (the "Bankruptcy Code").

1

# FACTS

With respect to US Bank's Motion to Reconsider, the Court finds the following pertinent facts:

1. On September 11, 2019, Levelbest filed a chapter 11 voluntary petition. (ECF No. 1).

2. On the petition, the Debtor describes its business as "Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))." *Id.*

3. Levelbest represents its principal asset is real property located at 21 Greenwood Ave., Mechanicville, NY 12118 ("Subject Property"). *Id.*

4. In Schedule D, the Debtor lists US Bank as having a claim amount of $170,778.21[3] and estimates the value of the Subject Property to be $81,415.00. *Id.*

5. The Debtor represents there are no other secured or unsecured claims existing as of the date of filing. *Id.*

6. On January 7, 2020, Levelbest filed a chapter 11 small business plan ("Original Plan"). (ECF No. 24).

7. A hearing on confirmation of the Original Plan was set for April 8, 2020 and upon request by the Debtor's counsel, adjourned to April 22, 2020. (ECF Nos. 30 & 34).

8. On April 13, 2020, US Bank timely filed an "Objection to Confirmation of [Original Plan]."[4] (ECF No. 35).

---

[3] US Bank filed a proof of claim in the amount of $193,020.10. (Claims Register 1-1).

[4] Prior to filing an objection, the parties agreed to address the Original Plan and the disclosure statement as a unitary document. (ECF No. 29). US Bank's objections to the Original Plan are summarized as follows: (i) Treatment of Secured Creditor's claim is vague; (ii) Debtor has no privity of contract, no privity of estate and is not the obligor on the underlying loan; (iii) An entity with no obligations on the loan should not be able to reduce the debt; (iv) Fails to provide "adequate information" within the meaning of § 1125(a)(1); (v) Appraisal is necessary to value the Subject Property; (vi) good faith isn't present as there is no proposal of an interest rate; (vii) Failure to account for advances made to pay property taxes and insurance; (viii) Failure to address outstanding arrearage; (ix) Failure to address escrow; and (x) Failure to provide remedy in event of default on repayment. (ECF No. 35 at ¶¶ 5-15). Additionally, Secured Creditor reserved the right to amend and/or supplement its objection. *Id.* at ¶ 16.

2

9. On July 27, 2020, Levelbest filed an amended disclosure statement proposing a modified chapter 11 small business plan ("Amended Plan").[5] (ECF No. 43 at ¶ 14).

10. On October 15, 2020, the Court issued an "Order Approving Disclosure Statement and Fixing Time for Hearing on Confirmation, Filing Acceptances or Rejections of Plan and Fixing Dates . . ."[6] setting a hearing on confirmation of the Amended Plan for November 18, 2020, with objections due by November 11, 2020.[7] (ECF No. 55).

11. On May 14, 2021, US Bank filed an "Objection to Confirmation of [Amended Plan]." (ECF No. 76).

12. On May 14, 2021, the Debtor filed "Opposition to Late Filed Objection to Confirmation" and later the same day, amended the response. (ECF Nos. 77 & 78).

13. On July 27, 2021, the Court issued an "Interim Order Directing Completion of Appraisals" ("Interim Order") instructing the parties "to complete and exchange appraisals of the [S]ubject [P]roperty not later than August 18, 2021; such appraisals shall value the property on the date of filing . . . which is September 11, 2019." (ECF No. 89).

14. On August 11, 2021, Levelbest submitted an appraisal valuing the Subject Property at $74,000.00 as of September 11, 2019. (ECF No. 90 at 2).

---

[5] There are only two substantial differences between the Original Plan and the Amended Plan. First, the Amended Plan does not include the Original Plan's "Proposal One," which offered to pay the Secured Creditor one half of the Subject Property's value. Second, the Amended Plan added an incentive provision for a one-time, lump-sum "prompt and early payment." (ECF Nos. 24 & 43).

[6] Rule 3017(c), entitled "Dates Fixed for Voting on Plan and Confirmation," provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

[7] Pursuant to Local Bankruptcy Rule 3020-1(a), entitled "Confirmation of a Plan," "[a]n objection to confirmation of a chapter 11 plan shall be served and filed not later than seven (7) days prior to the first date set for the confirmation hearing, unless otherwise ordered by the Court."

3

15. On September 21, 2021, US Bank submitted an appraisal valuing the Subject Property at $170,000.00 as of August 18, 2021.[8] (ECF No. 93 at 3).

16. On September 21, 2021, the Debtor filed a letter requesting the Court to disregard the Secured Creditor's appraisal for failing to comply with the Interim Order. (ECF No. 94).

17. On September 23, 2021, the Court issued an "Order Declining to Accept Late Appraisal" and ordered, "the [Secured] Creditor's late appraisal filed at ECF No. 93 is stricken." (ECF No. 96).

18. On September 23, 2021, the Court issued an "Order Declining to Accept Late Objection to Confirmation," which declined to accept the Secured Creditor's untimely objection to the Amended Plan and ordered, "the [Secured] Creditor's Objection filed at ECF No. 76 is stricken." (ECF No. 97).

19. On September 27, 2021, the Court issued a "Scheduling Order . . ." setting a hearing on confirmation and valuation for November 8, 2021. (ECF No. 98).

20. At the hearing held on November 8, 2021, the Debtor's appraiser was examined. (ECF No. 103).

21. On November 10, 2021, having found the Debtor's appraiser's testimony to be credible, the Court determined the value of the Subject Property as $75,400.00[9] and the Amended Plan was confirmed as uncontested. (ECF Nos. 104 & 105).

22. On January 13, 2022, an "Order Confirming Debtor's Amended Plan" ("Confirmation Order") was entered. (ECF No. 124).

---

[8] In a letter accompanying its untimely appraisal submission, the Secured Creditor represents it "will be filing a 'corrected' appraisal to properly state the as of date once we receive it from the appraiser." (ECF No. 93 at 1).

[9] The Court relied upon the two valuation methods, a sales comparison approach and an income approach, contained within the four corners of the Debtor's appraisal. (ECF No. 90 at 2, 4).

4

23. On January 23, 2022, the Debtor wrote a check in the amount of $60,000.00 which was deposited by the Secured Creditor on January 26, 2022. (ECF No. 129-2, Ex. 1).

24. On January 27, 2022, US Bank filed the Motion to Reconsider. (ECF No. 125).

25. On February 11, 2022, Levelbest filed opposition to the Motion to Reconsider. (ECF No. 129).

26. On March 10, 2022, the Court issued a "Briefing Order" directing the Secured Creditor to file a brief in support of the Motion to Reconsider on or before March 23, 2022, and the Debtor to file a reply brief on or before April 6, 2022. (ECF No. 131).

27. On March 23, 2022, US Bank filed a brief. (ECF No. 132).

28. On April 6, 2022, Levelbest filed a reply brief and the matter became fully submitted. (ECF No. 133).

29. On April 14, 2022, the Debtor filed a supplement to its reply brief.[10] (ECF No. 134).

## ARGUMENTS

US Bank brings the current Motion to Reconsider pursuant to the Federal Rules of Civil Procedure ("FRCP") 59(e), 60(b)(1) and 60(b)(6).[11,12] (ECF No. 132 at ¶¶ 11, 13, 14 & 21). The Secured Creditor argues reconsideration is warranted as "the process leading to confirmation of the Amended Plan was insufficient and not in accordance with procedures, rules, statutes and case law, and that the terms of the Amended Plan are insufficient for confirmation under [11 U.S.C. § 1129]." (ECF No. 125 at ¶ 1). Specifically, US Bank asserts "the Court erred: (1) in not

---

[10] The Debtor's supplement to its reply brief was not authorized in the Briefing Order and will not be accepted. *See In re Rivera*, No. 18-11855, 2020 Bankr. LEXIS 2269, at *18 (Bankr. S.D.N.Y. Aug. 26, 2020) (citations omitted).

[11] FRCP 59 & 60 are made applicable to a bankruptcy proceeding by the Federal Rules of Bankruptcy Procedure (collectively "FRBP" or individually "Rule") 9023 & 9024 respectively. Fed. R. Bankr. P. 9023 & 9024.

[12] The Secured Creditor states the Motion to Reconsider is also brought pursuant to "Local Rule 9023-1 of this Court," but no such local rule exists. (ECF No. 132 at ¶ 11). As US Bank does not reference it again, the Court will disregard it.

5

accepting the Objection to [Original] Plan as valid and applicable to the Amended Plan; (2) in not requiring an interest rate to be applied to the value of the Mortgage Claim as determined by the Court; [and] (3) by taking into account factors independently identified by the Court regarding Debtor's Appraisal, but not considering the independent statement of value in the US Bank Appraisal which was in the record of the case." *Id.* at ¶ 30. Additionally, US Bank points out that "there has been no evidence presented and in the record concerning the ability of the Debtor to actually fund the Amended Plan." *Id.* at ¶ 35.

Levelbest argues reconsideration is not warranted as the Secured Creditor has failed to meet the timing requirements of Rule 9023 and failed to meet the burden for relief necessary under Rule 9024. (ECF No. 133 at 3-4). The Debtor states, "Movant would also like this court to overrule the ["Order Declining to Accept Late Appraisal"] through the present motion." (ECF No. 133 at 4). Levelbest urges FRCP 60(b)(6)'s burden for relief is not met, stating, "Movant presents no extraordinary circumstances for any of its conduct nor does movant present an extreme hardship." *Id.* at 5. Next, the Debtor has maintained throughout the confirmation process that the Secured Creditor's opposition to the Original Plan does not flow through to the Amended Plan. Levelbest states, "The opposition that [US Bank's counsel] is referring to is to a prior plan, which did have its deficiencies. The current plan, there's been no opposition, actually filed to, and therefore, I'd ask the Court to confirm the plan." (ECF No. 115 at 7, Hearing Transcript, April 14, 2021). Alternatively, Levelbest postulates, were the Court to consider the portion of Secured Creditor's opposition to the Original Plan which is repeated in the untimely opposition to the Amended Plan, it "would circumvent the Court's own order (Doc 97) declining consideration of the contents of the objection to amended plan." (ECF No. 133 at 2). Finally, the Debtor asserts the matter has been "mooted out by the unopposed lump sum payment provision

6

which was paid in full and unconditionally accepted by Movant prior to filing of the [Motion to Reconsider]." *Id.* at 8. The Debtor contends this accepted payment has rendered the matter moot on two alternative grounds: either an accord and satisfaction has occurred or the Amended Plan has been substantially consummated. (ECF Nos. 129 at ¶¶ 2-6 & 133 at 1).

## DISCUSSION

The Motion to Reconsider is brought timely pursuant to FRCP 59(e) as it was filed on the fourteenth day after entry of the Confirmation Order. *See McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990) (citations omitted) ("[M]ost substantive motions brought within ten days of the entry of judgment are functionally motions under [FRCP] 59(e), regardless of their label or whether relief might also have been obtained under another provision.").[13] To be certain, the Court is not reconsidering its "Order Declining to Accept Late Appraisal" or its "Order Declining to Accept Late Objection to Confirmation" as each became a final order long before the filing of the current Motion to Reconsider. (ECF Nos. 96 & 97). As relevant to the instant matter, "[a] motion to alter or amend a judgment pursuant to [FRCP] 59(e) may be based upon . . . (3) [correcting] manifest errors of law or fact upon which the judgment is based . . . ." *In re Old Carco LLC*, No. 09 B 50002, 2010 Bankr. LEXIS 389, at *4 (Bankr. S.D.N.Y. Jan. 11, 2010) (citing *Off. Comm. of Unsecured Creditors of Enron Corp. v. Martin (In re Enron Creditors Recovery Corp.)*, 378 B.R. 54, 56-57 (Bankr. S.D.N.Y. 2007)).

### I. US Bank's Rejection of the Original Plan Constitutes a Rejection of the Amended Plan.

§ 1127, entitled "Modification of plan," governs modifications under Chapter 11.[14] 11 U.S.C. § 1127. Subsection (d) states, "Any holder of a claim or interest that has accepted or

---

[13] When *McCowan* was decided, the time for reconsideration was ten days but has since been amended to fourteen days. *See* Fed. R. Bankr. P. 9023.

[14] § 1127 is applicable to modifications whether they occur before or after confirmation. 11 U.S.C. § 1127(a), (b).

7

rejected a plan is deemed to have accepted or rejected, as the case may be, such plan as modified, unless, within the time fixed by the court, such holder changes such holder's previous acceptance or rejection." *Id.* In the Second Circuit, § 1127(d) has been analyzed where a creditor has accepted an original plan and later sought to reject the plan as modified. *See In re Boroff*, 189 B.R. 53, 57 (D. Vt. 1995) (affirming the bankruptcy court's finding that a claimant may not change or withdraw a previous acceptance of a plan unless the plan as modified adversely affects the claimant's interest). However, there is little case law in the Second Circuit where, as here, a creditor has rejected an original plan but failed to reject the plan as modified.

The plain language of § 1127(d) dictates that a rejection of a chapter 11 plan remains effective as a rejection of the plan as modified. The United States Supreme Court instructs, "where . . . the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). As the Bankruptcy Code's text utilizes no conditional or qualifying language to differentiate "accepted" from "rejected," § 1127(d) must be enforced in an equivalent manner. Thus, identical to a previous acceptance, a holder of a claim or interest that has previously rejected a plan is deemed to have rejected the plan as modified unless the holder of the claim or interest changes its previous rejection. *See* 11 U.S.C. § 1127(d). Collier is in accord with this plain meaning interpretation, explaining "[f]or confirmation purposes, subsection (d) of section 1127 provides that the holder of a claim or interest that has accepted or rejected a plan is deemed to have accepted or rejected the modified plan unless the holder of the claim or interest changes its previous acceptance or rejection." 7 COLLIER ON BANKRUPTCY ¶ 1127.02[2], 1127-5 (16th ed. 2022). For confirmation purposes, the Court declines to treat the filing of additional opposition as an indication the Secured Creditor changed its position.

8

Levelbest is incorrect in its assertion that the Court may not consider US Bank's rejection of the Original Plan as a result of the Order declining to accept the Secured Creditor's untimely opposition to the Amended Plan. (ECF No. 133 at 2). Without providing legal authority, the Debtor postulates, "As a general principle, a new and superseding objection to a new plan negates a prior objection to a withdrawn and superseded plan." *Id.* The Court disagrees. The Debtor unnecessarily complicates the matter by referring to the Original Plan as a "withdrawn and superseded plan" while ignoring the plain language of the Bankruptcy Code. *Id.* "After the proponent of a plan files a modification of such plan with the court, *the plan as modified becomes the plan*." 11 U.S.C. § 1127(a) (emphasis added). As discussed, objections to a chapter 11 plan flow through to the plan as modified. Subsequent opposition which is disallowed for lateness has no bearing on the contents of an earlier rejection. Moreover, the Secured Creditor's untimely opposition to the Amended Plan was stricken from the record and as such, cannot be deemed to have "superseded" anything.[15]

US Bank's untimely opposition to the Amended Plan will remain stricken from the record. Rule 9006(b)(1) governs requests for enlargements of time for objecting to confirmation and permits a court to grant an extension for cause shown if the request is made before the expiration of the deadline. Fed. R. Bankr. P. 9006(b)(1). After the deadline has lapsed, however, extensions are permitted in only limited circumstances. In addition to a "for cause" requirement, Rule 9006(b)(1) requires the request to be made on motion with notice and include a showing that "the failure to act was the result of excusable neglect." *Id.* The Secured Creditor did not attempt to follow any of the requirements of Rule 9006(b)(1) when objecting to confirmation

---

[15] *Supra* fact 18.

9

approximately six months after the deadline had lapsed.[16] *See In re Homitz*, No. 13-23757, 2014 Bankr. LEXIS 3213, at *13-14 (Bankr. W.D. Pa. July 23, 2014) ("If [secured creditor's untimely plan objection] were considered, the Court would send a signal that the stated response date is inconsequential. It would also penalize parties who contentiously [sic] adhere to the response dates established by the Court.").

In the current matter, it is undisputed that US Bank timely rejected the Original Plan[17] and there is no indication that the Secured Creditor changed its position. Therefore, pursuant to § 1127(d), US Bank's opposition to the Original Plan constitutes a rejection of the Amended Plan. Finding a mistake of law occurred on which confirmation was based, the Court determines reconsideration of confirmation is warranted. While not having to review the other two mistakes alleged in the Motion to Reconsider, *supra* page 6, the Court notes the Secured Creditor is incorrect that its "independent statement of value in the US Bank Appraisal" is in the record of the case as this appraisal was stricken by Order dated September 23, 2021.[18]

## II.    The Motion to Reconsider Has Not Been Rendered Moot by an Accord and Satisfaction.

Judge Beatty, United States Bankruptcy Court for the Southern District of New York, describes an accord and satisfaction as follows:

> An accord and satisfaction is the resolution of a disputed unliquidated claim through a new agreement that settles all or part of the parties' obligations under the original contract through a stipulated payment. A defendant has the burden to plead and prove accord and satisfaction as an affirmative defense to a claim for breach of contract. To establish the defense of accord and satisfaction, the elements of a complete agreement must be present. These include a lawful subject matter, a sufficient consideration and the mutual assent of the parties.

---

[16] *Supra* facts 10 & 11.

[17] *Supra* fact 8.

[18] *Supra* fact 17.

10

*Genuity Sols., Inc. v. Metro. Transp. Auth. (In re Genuity, Inc.)*, No. 03-93469, 2007 Bankr. LEXIS 2133, at *10 (Bankr. S.D.N.Y. June 20, 2007) (internal citations omitted).

Here, Levelbest argues the Secured Creditor's acceptance of a $60,000.00 payment pursuant to the Confirmation Order the day before filing the Motion to Reconsider effected an accord and satisfaction which renders the Motion to Reconsider moot. (ECF No. 129 at ¶¶ 2-6). The Debtor relies upon *Horn Waterproofing Corp. v. Bushwick Iron & Steel Co.*, 66 N.Y.2d 321, 324-25 (1985), for the proposition that an order confirming a chapter 11 plan can be rendered moot by an accord and satisfaction. *Id.* at ¶¶ 3-4. Levelbest states, "If [Secured Creditor] had sought to protect the payment in any way, it was required to endorse the check as deposited 'under protest' to preserve any rights or claims." *Id.* at ¶ 4. Yet, the Debtor provides no support for why a non-bankruptcy, state-court proceeding should govern a confirmed chapter 11 plan.[19]

Despite the common analogy that a confirmed chapter 11 plan is a "contract" between the parties, general contract principles do not govern in place of a statute. Judge Drain explains:

> It is often stated that a chapter 11 plan is a new contract between the debtor and its creditors . . . . References to chapter 11 plans as contracts or agreements – while useful for purposes of interpreting plans[] – are only by analogy, however. The binding effect of a chapter 11 plan is in fact premised on statutory and common law claim preclusion. That is, for the debtor, its creditors and holders of interests, the chapter 11 plan is the crucible by which the parties' claims and rights in property dealt with by the plan are transformed and governed post-confirmation – a "super-contract" – not because it is signed by all of the parties with claims against the debtor and holders of interests affected by the plan who participated in the case, but because of applicable provisions of the Bankruptcy Code and principles of res judicata.

*Lawski v. Frontier Ins. Grp., LLC (In re Frontier Ins. Grp., Inc.)*, 585 B.R. 685, 693 (Bankr. S.D.N.Y. 2018) (internal citations omitted).

It is fundamental that "a confirmed plan binds, among others, the debtor and its creditors to its terms . . . ." *Id.* at 694 (citing 11 U.S.C. § 1141(a)-(c)). If Levelbest were correct, the

---

[19] In *Horn Waterproofing*, the plaintiff filed a $580.00 breach of contract claim in state civil court to recover the unpaid balance of a roof repair bill. 66 N.Y.2d at 322. In response, the defendant raised the affirmative defense of an accord and satisfaction. *Id.* at 322-23.

absurd result would be to force a creditor into negotiating their claim's treatment with a debtor during the confirmation process only to further subject the creditor to additional negotiation, an accord, if the debtor doesn't abide by the confirmed chapter 11 plan. *See In re Tillotson*, 266 B.R. 565, 569 (Bankr. W.D.N.Y. 2001) ("The terms of a confirmed plan usually represent the results of negotiations between the debtor and its creditors, and the parties should be able to rely on the finality of those terms." (quoting *In re Adams*, 218 B.R. 597, 600 (Bankr. D. Kan. 1998))). This cannot stand; an accord and satisfaction may not contradict the terms of a confirmed chapter 11 plan as doing such would override the dictates of the Bankruptcy Code, unfairly prejudice creditors and disrupt the goal of finality which the confirmation process seeks to achieve. *See In re Starling*, 251 B.R. 908, 910 (Bankr. S.D. Fla. 2000) ("The binding effect of confirmation of the plan is essential in serving the objective of the confirmation process, which is to achieve finality." (citations omitted)); *accord Celli v. First Nat'l Bank (In re Layo)*, 460 F.3d 289, 293 (2d Cir. 2006).

      Moreover, Levelbest fails to act in line with the case law it urges should be applied. In *Horn Waterproofing*, the Court of Appeals of New York determined Uniform Commercial Code ("UCC") § 1-207 modified the common law doctrine of accord and satisfaction to allow a creditor to accept a partial payment of a disputed claim yet still preserve its rights. 66 N.Y.2d at 326-27. It has been determined, "[a]n essential element of an accord and satisfaction is a clear manifestation of intent by one tendering less than full payment of an unliquidated claim that the payment has been sent in full satisfaction of the disputed claim." *C. Itoh & Co. v. F.W. Honerkamp Co.*, 470 N.Y.S.2d 593, 594 (N.Y. App. Div. 1984) (citations omitted). The tendered check Levelbest paid to the Secured Creditor did not contain any language indicating it was intended as full payment of the claim. (ECF No. 129-2, Ex. 1). By contrast, the issuer in *Horn*

*Waterproofing* notated the reverse side of their check with the following language: "This check is accepted in full payment, settlement, satisfaction, release and discharge of any and all claims and/or demands of whatsoever kind and nature." 66 N.Y.2d at 322.

Finally, a similar issue arose in a § 1144 adversary proceeding in the chapter 11 case *Page v. Castiel (In re Ellipsat, Inc.)*, No. 12-10026, 2012 Bankr. LEXIS 5527, at *1 (Bankr. D.D.C. Nov. 29, 2012). In *Ellipsat*, the debtor contended that a creditor "is barred from seeking revocation of the order of confirmation because he has repeatedly demanded payment of his allowed claims and then accepted payment of all that he was entitled to receive under the confirmed chapter 11 [plan]." *Id.* at *2. The *Ellipsat* Court determined "[i]mposing non-acceptance of plan payments as a requirement for revocation of an order confirming a plan would impose a requirement on persons seeking to revoke an order of confirmation that is not found in 11 U.S.C. § 1144." *Id.* at *7. The bankruptcy court went on to state, "[m]ore importantly, [the creditor] is not changing positions on an issue. Rather, he is asserting that the order confirming the [chapter 11 plan] was procured by fraud, but, nevertheless he wants to be paid his share of the plan distributions in the event that the order is not revoked." *Id.* at *9. Here, the Court agrees with this reasoning and finds US Bank's acceptance of the sixty thousand dollars does not conflict with its position taken in the Motion to Reconsider as the creditor sought to be paid its share of the plan distributions in the event the Confirmation Order is not revoked.

### III. The Motion to Reconsider Has Not Been Rendered Moot by Substantial Consummation.

Levelbest raises a separate and distinct theory for mootness for the first time in its reply brief, stating, "It is important to note that the Plan as approved is substantially consummated . . .

."[20] (ECF No. 133 at 1). The Debtor's new argument is comprised of only two sentences from its nine-page reply brief and perhaps most bewildering, the Debtor fails to support its argument with a single legal decision, let alone one in which a bankruptcy court reviews a Rule 9023 or 9024 motion for mootness. *Id.* Moreover, the ambiguity of the Debtor's argument leaves the Court guessing at the theory of mootness being alleged. *See U.S. Bank N.A. v. Windstream Holdings, Inc. (In re Windstream Holdings, Inc.)*, 20 CV 4276, 2020 U.S. Dist. LEXIS 204199, at *4 (S.D.N.Y. Nov. 2, 2020) ("Constitutional mootness stems from a court's 'inability' to grant effective relief, but the doctrine of equitable mootness describes a court's 'unwillingness to alter the outcome' of a bankruptcy proceeding." (citing *In re UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994))).

Additionally, Levelbest incorrectly represents the confirmed Amended Plan was substantially consummated prior to US Bank filing the Motion to Reconsider. (ECF No. 133 at 1). Because the Bankruptcy Code and FRBP seek finality in the confirmation process, measures are also put in place to protect a party's right to review. Rule 3020(e), entitled "Stay of Confirmation Order," applies to chapter 11 reorganization cases and states, "An order confirming a plan is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 3020(e). "[T]he goal of [Rule] 3020(e) is 'to provide sufficient time for a party to request a stay pending appeal of an order confirming a plan under chapter 11 of the Code before the plan is implemented and an appeal becomes moot.'" *In re Pac. Gas & Elec. Co.*, No. C-02-1550, 2002 U.S. Dist. LEXIS 27549, at *6 (N.D. Cal. Nov. 14, 2002)

---

[20] In Chapter 11, "substantial consummation" means –
    (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
    (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
    (C) commencement of distribution under the plan.
11 U.S.C. § 1101(2).

14

(quoting Fed. R. Bankr. P. 3020(e) advisory committee's note to 1999 amendment). The Second Circuit has clarified that a "bankruptcy court's confirmation order trigger[s] an automatic 14-day stay during which [d]ebtors could not consummate the [p]lan." *Apollo Glob. Mgmt., LLC v. Bokf, NA (In re MPM Silicones, L.L.C.)*, 874 F.3d 787, 793 (2d Cir. 2017) (citing Fed. R. Bankr. P. 3020(e)). Here, the Confirmation Order did not waive or limit Rule 3020(e)'s default stay. (ECF No. 124). Therefore, the default stay did not expire until January 28, 2022, which is after the date US Bank filed the Motion to Reconsider.

The parties agree the Briefing Order was limited to three narrow issues.[21] (ECF Nos. 132 at ¶ 1 & 133 at 1). In consequence, US Bank has not been provided with an opportunity to address the Debtor's new argument regarding substantial consummation. "It is well-settled law . . . that arguments may not be made for the first time in a reply brief." *In re Metro Affiliates, Inc.*, No. 13-13591, 2014 Bankr. LEXIS 3259, at *14 (Bankr. S.D.N.Y. July 31, 2014) (citations omitted). Levelbest had the opportunity to raise the substantial consummation argument in its original opposition filed in February 2022 and afterwards at the March 9, 2022, hearing at which the parties together identified the issues to be briefed. (ECF Nos. 129 & 130). The Court declines to accept the substantial consummation argument made for the first time in a reply brief for all the reasons stated.

## CONCLUSION

Treating the Amended Plan as unopposed was an error of law on which confirmation was based. Upon reviewing the submissions of the parties and after due deliberation, it is so:

**ORDERED**, the Motion to Reconsider (ECF No. 125) is granted; and it is further,

---

[21] The following three issues were ordered to be briefed: (1) Identification of the applicable subsection of Rule 9023, (2) Identification of the applicable subsection of Rule 9024 and (3) Legal support for finding an original plan objection applies to a subsequent amended plan. (ECF Nos. 132 at ¶ 1 & 133 at 1).

15

**ORDERED**, a telephonic pretrial hearing regarding confirmation shall be held on **January 25, 2023, at 10:00 a.m.**; and it is further,

**ORDERED**, the Secured Creditor is instructed to return any and all monies which were received from the Debtor pursuant to the Confirmation Order (ECF No. 124) no later than the end of business on **January 31, 2023**.

Dated: January 13, 2023　　　　　　　　　　　　　　　　/s/ Robert E. Littlefield, Jr.
　　　Albany, New York　　　　　　　　　　　　　　　　Robert E. Littlefield, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge